IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BR NORTH 223, LLC,<br><br>           Plaintiff,<br><br>     vs.<br><br>BERNARD GLIEBERMAN, both individually and as trustee of BERNARD GLIEBERMAN REVOCABLE LIVING TRUST dated June 8, 2001 as amended,<br><br>           Defendant. | 1:10cv02153 OWW DLB<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT<br>(Document 13) |

On February 24, 2011, Plaintiff BR North 223, LLC ("Plaintiff") filed the present motion for default judgment against Defendant Bernard Glieberman, individually and as trustee of the Bernard Glieberman Revocable Living Trust ("Defendant"). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for April 22, 2011.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff filed the instant verified breach of contract action on November 16, 2010. As the substantive allegations of the complaint are not relevant to the disposition of this motion, they are not recounted here in detail.

1

On December 22, 2010, Plaintiff filed a proof of service.  According to the proof, the process server served Defendant on November 22, 2010, by substituted service on Ellen Stone, Office Manager, at 33493 14 Mile Road, Farmington Hills, MI 48331.  Doc. 6, p. 1.  Pursuant to the Affidavit of Reasonable Diligence, the process server attempted service three times at 5050 Greensward Court, W. Bloomfield, MI 48322, a business address.  The process server also attempted service on November 22, 2010, at 41050 Vincenti Court, Novi, MI 48375.  That same day, the process server indicated that Defendant's attorney called and stated his office would accept the service.  The process server then left a copy of the summons and complaint with Ms. Stone at the Farmington Hills address.  Doc. 6, p. 2.  Copies of the summons and complaint also were mailed to Defendant at the Farmington Hills address.  Doc. 6, p. 4.

On November 30, 2010, Plaintiff's counsel sent a letter addressed to Mr. Fredrick Elias at the Farmington Hills address.  Plaintiff's counsel attempted to confirm that Mr. Elias, as Defendant's counsel, accepted service on Defendant's behalf.  Declaration of Jeffrey E. Mitchell ("Mitchell Dec.") ¶5 and Exhibit 1.  There is no indication that Mr. Elias responded to the letter.

On February 9, 2011, pursuant to Plaintiff's request, the Clerk of the Court entered default as to Defendant Bernard Glieberman.

On February 16, 2011, Plaintiff's counsel sent another letter to Mr. Elias at the Farmington Hills address.  The letter included notification that Plaintiff intended to seek default judgment against Defendant Glieberman.  Mr. Elias did not respond.  Mitchell Dec. ¶ 9 and Exhibit 2.

On February 24, 2011, Plaintiff filed the instant motion for default judgment.  Plaintiff mailed a copy of the motion to Mr. Elias at the Farmington Hills address and to Defendant Glieberman at the Greensward Court address.  Doc. 16.

By this motion, Plaintiff seeks the following:

1. Damages in the amount of $75,343,390.00;
2. Post-judgment interest as set forth in 28 U.S.C. § 1961(a) until the judgment is satisfied; and
3. Attorneys' fees and costs.

**DISCUSSION**

A court's decision to enter a default judgment is discretionary. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to grant or deny a default judgment, a court should assess the adequacy of the service of process on the party against whom default is requested. See, e.g., Coach, Inc. v. Diva Shoes & Accessories, 2011 WL 1483436, *2 (N.D. Cal. Apr. 19, 2011); Katzakian v. Check Resolution Service, Inc., 2010 WL 5200912, *2 (E.D. Cal. Dec. 15, 2010). Under Federal Rule of Civil Procedure 4(e), an individual such as Defendant Glieberman may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). In the instant case, Plaintiff has submitted a proof of service purporting to establish that Defendant Glieberman was served by substituted service at the office of his legal counsel, Mr. Elias. Doc. 6. Although Rule 4(e) permits service on an individual's authorized agent, there is no evidence establishing that Mr. Elias was designated or authorized to receive service of process in this action on behalf of Defendant Glieberman. The process server's statement that "the subject's attorney called . . . and stated his office would accept the service" is not sufficient. Neither is Mr. Elias' apparent silence in response to letters from Plaintiff's counsel. Accordingly, the Court finds that Plaintiff has not shown by affidavit or otherwise that Defendant Glieberman was properly served with process under the Federal Rules of Civil Procedure.

///

///

**RECOMMENDATION**

Based on the above, the Court RECOMMENDS that Plaintiff's motion for default judgment be DENIED without prejudice.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **fourteen (14) days** after being served with a copy, any party may serve and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1).

IT IS SO ORDERED.

Dated: **May 6, 2011**              /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE

4