IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BR NORTH 223, LLC, ) | |
| ) | 1: 10-cv-02153 LJO-BAM |
| ) | |
| Plaintiff, ) | ORDER ON PLAINTIFF'S MOTION FOR |
| ) | ATTORNEY'S FEES |
| vs. ) | |
| ) | |
| ) | |
| BERNARD GLIEBERMAN, both ) | |
| individually and as trustee of BERNARD ) | |
| GLIEBERMAN REVOCABLE LIVING ) | |
| TRUST dated June 8, 2001 as amended, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**I.   INTRODUCTION**

Pending before the Court is Plaintiff BR North 223, LLC's ("Plaintiff") Motion for Attorney's Fees and Costs, filed on March 23, 2012. (Doc. 56.) No opposition was filed. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for April 27, 2012. (Doc. 61.) For the reasons that follow, the Court GRANTS in part and DENIES in part Plaintiff's Motion for Attorney's Fees and Costs.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 16, 2010, Plaintiff filed a Verified Complaint for breach of a guaranty contract against defendants Bernard Glieberman and the Bernard Glieberman Revocable Living Trust (collectively, "Glieberman"). (Doc. 1.) Glieberman failed to answer or otherwise make an appearance in this action.

On October 27, 2011, Plaintiff moved for default judgment against Glieberman, requesting judgment in the amount of $81,170,331.74, plus attorney's fees and costs. (Doc. 41.) On February 27, 2012, the Magistrate Judge issued Findings and Recommendations recommending that the Motion for Default Judgment be granted. (Doc. 55.) The Findings and Recommendations also found that "[b]y successfully obtaining a default judgment against Glieberman in this breach of contract action, Plaintiff is the "prevailing party" under Cal. Civ. Code § 1717 and is entitled to reasonable attorney's fees and costs. An award of reasonable attorney's fees and costs is also authorized under Cal. Code. Civ. P. § 1021." (Doc. 55, 14: 6-9.) The Findings and Recommendations ordered Plaintiff to submit a "detailed, itemized petition for attorney's fees and costs" by March 23, 2012. (Doc. 55, 14: 18-20.) On March 26, 2012, the District Judge adopted the Magistrate's Findings and Recommendations in full, and entered judgment in favor of Plaintiff and against Glieberman in the amount of $81,170,331.74. The Court now turns to Plaintiff's Motion for Attorney's Fees. (Doc. 56.)

## III. DISCUSSION[1]

### A. Legal Standard

The Amended Loan Guaranty entered into between Plaintiff and Glieberman provides that the prevailing party in any lawsuit arising from the agreement is entitled to reasonable attorney fees. Declaration of Steven T. Darak ("Darak Decl."), ¶ 17, Attach. 9, ¶ 15(j), Doc. 43. Generally, an award of reasonable attorney's fees is determined through the lodestar approach. *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000) ("This court has adopted the hybrid

---

[1] As the Court has already found Plaintiff is entitled to an award of attorney's fees and costs pursuant to Cal. Civ. Code § 1717 and Cal. Code Civ. P. § 1021, *see* Doc. 55, 14: 4-9, the Court limits its discussion to proper amount of attorney fees and costs to be awarded.

1  lodestar/multiplier approach used by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424, 103
2  S.Ct. 1933, 76 L.Ed.2d 40 (1983), as the proper method for determining the amount of attorney's
3  fees"). A court determines the "lodestar" amount by multiplying the number of hours reasonably
4  expended on the litigation by a reasonable hourly rate. *See D'Emanuelle v. Montgomery Ward & Co.,*
5  *Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990). The lodestar amount is presumptively the reasonable fee
6  amount. *Van Gerwen*, 214 F.3d at 1045. The Court adopts the lodestar method for determining the
7  reasonableness of this fee request.

8  **B.      Reasonableness of Plaintiff's Counsel's Hourly Rate**

9         In determining a reasonable hourly rate, the fee applicant "has the burden of producing
10 satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line
11 with those prevailing in the community for similar services of lawyers of reasonably comparable
12 skill and reputation." *Blum*, 465 U.S. at 896 n. 11; *Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005).
13 The Ninth Circuit has elaborated that:

14         This determination "is not made by reference to rates actually charged by the
           prevailing party." [] The court should use the prevailing market rate in the community
15         for similar services of lawyers "of reasonably comparable skill, experience, and
           reputation." []
16

17 *D'Emanuelle v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1384 (9th Cir. 1990). The "relevant
18 legal community" in the lodestar calculation is generally the forum in which the district court sits.[2]
19 *Mendenhall v. NTSB*, 213 F.3d 464, 471 (9th Cir. 2000); *Jadwin v. County of Kern,* 767 F. Supp. 2d
20 1069 (E.D. Cal. 2011) (where a case is tried in the Eastern District of California, Fresno Division,
21 "[t]he Eastern District of California, Fresno Division, is the appropriate forum to establish the
22 lodestar hourly rate . . ."); *Barjon v. Dalton,* 132 F.3d 496 (9th Cir.1997) (applying the prevailing
23 rate for the Sacramento community to an attorney whose practice was based in San Francisco when
24 the case was litigated in the Eastern District, Sacramento Division). As this case is pending in the
25 Fresno Division of the Eastern District of California, generally accepted attorney's fees in the Fresno

26

27     [2] There are narrow exceptions to the general rule that the relevant legal community is the forum in which the court
   sits. *See Schwarz* v *Sec. Of Human Health and Human Servs.,* 73 F.3d 895, 907 (9th Cir. 1995). Plaintiff, however, does not
28 argue that a recognized exception to the general rule applies.

1 community will determine whether Plaintiff's hourly fee request is reasonable.

2   Plaintiff's Counsel, Jeffrey E. Mitchell ("Mitchell"), requests hourly rates between $560.00 and $650.00.[3]  (Pl.'s Mot. For Attorney's Fees, 6: 18-20, Doc. 56; Declaration of Jeffrey E. Mitchell "Mitchell Decl., ¶ 4, Doc. 57.)  Mitchell argues his hourly rate in this case is reasonable because "[t]his rate is reasonable for a lawyer of comparable skill and expertise in the Northern California market [,]. . . the amount at issue in this lawsuit (this Court awarded $81,170,331.74)," and the complexity of the legal and damage issues involved.  (Pl.'s Mot. For Attorney's Fees, 6: 18-27, Doc. 56.)

   As noted above, "Northern California" is not the relevant community.  The relevant legal community is Fresno, California.  *Barjon v. Dalton,* 132 F.3d 496 (9th Cir. 1997).  Mitchell has not presented relevant evidence to demonstrate these rates are in line with those generally accepted in the Fresno community.  *See, Dang v. Cross*, 422 F.3d 800, 814 (9th Cir. 2005) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.") The only evidence Mitchell has offered to justify his hourly rate is his own declaration stating that these are the rates he charges his clients, and his personal belief they are in line with the relevant community.  Mitchell Decl., ¶ 4.  Mitchell's declaration, by itself, is not sufficient evidence to justify his hourly fee request.

   The Court's review of the hourly rates generally accepted in the Fresno community for competent, experienced attorneys, reveals a range between $250 - $380.  The rates at the highest end of this scale (in excess of $300) are generally reserved for those practitioners regarded as competent, reputable, and possessing in excess of 20 years of experience.  *See, e.g., Jadwin v. County of Kern*, 767 F. Supp. 2d 1069, 1129-1134 (E.D. Cal. 2011) (The *Jadwin* Court evaluated the fee requests of four different prevailing attorneys: An attorney with 13 years of experience, but insubstantial trial

---

[3] Mr. Mitchell states his hourly rate increased annually from $565 (2010) to $605 (2011) to $650 (2012).  Mitchell Decl., ¶ 4.

4

experience, requested $400 hour and received $275 an hour; An attorney with 16 years of experience requesting $450 an hour, received $350 an hour; A research attorney with 20 years of experience requested $385 an hour, received $295 an hour; An attorney with almost 40 years of experience requesting $660 per hour received $380 per hour.); *Luna v. Hoa Trung Vo,* 2011 WL 2078004 (E.D. Cal. 2011) (Experienced and competent attorney with more than 40 years experience received $375 per hour, which represented the "top of the compensation range for attorneys practicing in the Fresno area"); *Ruff v. County of Kings*, 700 F.Supp.2d 1225 (E.D. Cal. 2010) (experienced and competent trial lawyer attorney with almost 20 years of experience had a reasonable hourly rate of $300.00); *Schultz v. Ichimoto*, 2010 WL 3504781 (E.D. Cal. 2010)( it was determined that two very experienced employment litigation counsel—with more than twenty years of litigation experience each—were entitled to hourly rates of $305.00 and $255.00, respectively).

Further down the scale, the range of reasonable hourly rates for competent attorneys with less than ten years of experience is $250-$300 per hour. *See, e.g., S.A. Minor ex. Rel. His parents v. Tulare County Office of Educ.,* 2009 WL 4048656 (E.D. Cal. 2009) ($250 for an attorney with eight years of experience); *C.B. v. Sonora School Dist.,* 2011 WL 4590775 (E.D. Cal. 2011) ($300 for lead trial counsel with five years experience); *Frank v. Wilbur-Ellis Co. Salaried Employees Ltd. Plan,* 2009 WL 2579100 (E.D. Cal. 2009 (awarding an hourly rate of $300 per hour to a fourth year associate who has been involved in six trials).

Mitchell, licensed to practice law in 2004, has nine years of experience.  Thus, even though Mitchell has proven to be both competent and effective, the Court can find no basis to award Mitchell a rate of compensation beyond the rates this Court has identified to be the top of the compensation range for attorneys of similar experience.  The Court is mindful, however, that Mitchell was solely responsible for litigating this case, and that the amount at stake, as well as the results achieved, were substantial.   Accordingly, the Court sets Mitchell's hourly rate at the top of the range for attorneys of similar competence and experience in the Fresno community, and awards Mitchell $300 per hour.

**C.     The Number of Hours Expended**

The party seeking an award of fees must submit evidence supporting the hours worked and

the rates claimed. *Van Gerwen*, 214 F.3d at 1045. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id*.

Plaintiff presented a detailed itemization of time spent obtaining judgment in this matter. Mitchell Decl., ¶ 7, subpar. a-g. Mitchell represents he expended 8.4 hours in pre-default activity. This activity included case analysis, document review, legal research and complaint drafting. Mitchell Decl., ¶ 7, subpar. a-c. The Court finds these hours were reasonably and necessarily expended.

Mitchell represents he expended 20.2 hours obtaining a default judgment. These endeavors included damage calculations, document and contract review, correspondence with Plaintiff and opposing counsel, drafting the default documents and supplemental briefing at the Court's request. Mitchell Decl., ¶ 7, subpar. d-g. The Court finds these hours were reasonably and necessarily expended.

Accordingly, the Court awards Plaintiff attorneys's fees calculated as follows: 28.6 hours x $300 per hour, for a total attorney fee award of **$8,580.00.**

**D.     Costs**

Allowable costs are those available under California Civil Code Section 1033.5, unless parties provide evidence that some contractual provision has expanded the statutory definition. *Hsu v. Semiconductor Sys., Inc.*, 126 Cal.App.4th 1330, 1341, 25 Cal.Rptr.3d 82 (2005). "Allowable costs shall be reasonably necessary to the conduct of the litigation rather than merely convenient or beneficial to its preparation." Cal. Civ.Code § 1033.5(c)(2).

Plaintiff requests reimbursement for the following costs: $350 for the filing fee; $475 for personal service on an out-of-state resident; and $202.50 for "duplication fees." The Court will grant Plaintiff's request for the first two items, however, duplication fees, or photocopies, are specifically disallowed as recoverable costs under Cal. Code Civ. P. § 1033.5(b)(3). Accordingly, the Court grants Plaintiff's request to recover costs in the amount of $825.00.

/////

## IV.  CONCLUSION

Based on the foregoing, the Court GRANTS Plaintiff's Motion for Attorney's Fees in part, and DENIES Plaintiff's Motion for Attorney's Fees in part.  The Court awards Plaintiff attorney's fees and costs in the amount of **$9,405.00.**

IT IS SO ORDERED.

Dated:   **July 17, 2012**                              **/s/ Barbara A. McAuliffe**
                                                                    UNITED STATES MAGISTRATE JUDGE